UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ARTURO CORDOVA, JR.                                                                    Plaintiff

v.                                                                Civil Action No. 3:19-cv-P622-RGJ

DEPUTY GRANT, *et al.*                                                               Defendants

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Arturo Cordova, Jr., filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will give Plaintiff an opportunity to amend his complaint.

### I. SUMMARY OF ALLEGATIONS

Plaintiff, a pretrial detainee at the Hardin County Detention Center (HCDC), sues the following Defendants, whom he identifies as deputies at HCDC: Grant, Macmahan, Watts, Cooper, and Casey. He sues each Defendant in his or her individual and official capacities.

Plaintiff states, "I am not really clear of what happen. But, I know that I have been told from medical staff and other inmates that I was beat and tazed with accesif force. I would like for a reveiw of cameras . . . to see if any of my rights was violated." He states that he was "charged with 3rd degree assulte when I fill that my rights was violated with accessiful force." He states that other inmates witnessed the alleged beating. He further asserts that a guard told him that "the cell should never have been extracted. Because sticking hand in toilet was no harm to myself or anyone else." As relief, Plaintiff seeks compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff names five Defendants in the complaint form, but his statement of the claim does not allege how any Defendant was personally involved in the events alleged. Therefore, the complaint is subject to dismissal.

However, before dismissing the action, the Court will direct Plaintiff to file an amended complaint stating specific factual allegations as to how each Defendant allegedly violated his rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

### III. ORDER

Accordingly,

**IT IS ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff must file an amended complaint**. He must include **all claims** he wishes to assert in this action as the amended complaint will **supersede** the original complaint. Plaintiff must state the specific factual allegations which he believes support his claim against each individual defendant. The Court will conduct initial review of the amended complaint in accordance with 28 U.S.C. § 1915A.

The Clerk of Court is **DIRECTED** to place the instant case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use.

3

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein and for failure to comply with an Order of this Court.**

Date:

cc: Plaintiff, *pro se*
 Defendants
 Hardin County Attorney
A961.010